**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE** | **CHAPTER 7** |
| **MLCJR LLC, et al.,**[1] | **CASE NO. 23-90324 (CML)** |
| **DEBTORS.** | **(Jointly Administered)** |

**MICHAEL D. WARNER, solely in his official capacity as Chapter 7 Trustee of Cox Operating, L.L.C.,**

    **Plaintiff,**

**VERSUS**

**FAB-CON, INC.,**

    **Defendant.**

**ADVERSARY PROCEEDING**

**NO.** _____

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Michael D. Warner, acting solely in his official capacity as the Chapter 7 Trustee (the "Trustee") of Debtor Cox Operating L.L.C. ("Cox Operating"), files this complaint (the "Complaint") to avoid and recover transfers made to Fab-Con, Inc. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, the Trustee alleges upon information and belief that:

**NATURE OF THE CASE**

1. The Trustee seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtor's federal tax identification number, are: MLCJR, LLC (0875); Cox Oil Offshore, L.L.C. (7047); Cox Operating, L.L.C. (0939); Energy XXI GOM, LLC (0027); Energy XXI Gulf Coast, LLC (8595); EPL Oil & Gas, LLC (9562); and M21K, LLC (3978).

occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceeding of Cox Operating pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. In addition, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against Cox Operating. The Trustee does not waive but hereby reserves all of its rights and the rights of Cox Operating to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Complaint and associated adversary proceeding (the "Adversary Proceeding") is brought by the Trustee pursuant to Fed. R. Bankr. P. 7001: (i) for the avoidance of preferential transfers that occurred during the 90-day period prior to the Petition Date (as defined below) pursuant to Bankruptcy Code § 547; (ii) to recover such avoided transfer pursuant to section 550 of the Bankruptcy Code; and (iii) to disallow claims of the Defendant pursuant to section 502 of the Bankruptcy Code.

4. This Court (the "Court") has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and the standing General Order of Reference to the Bankruptcy Court (General Order 2012-6) in the Southern District of Texas, entered by the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 157(a).  This action is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue of this Adversary Proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Bankruptcy Local Rule 7008-1, the Trustee states that he does consent

to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

7.      The Trustee is the duly elected, qualified and acting Chapter 7 Trustee of the estate of Cox Operating.  The Trustee brings this Adversary Proceeding pursuant to the powers granted to him by, *inter alia*, the Bankruptcy Code.

8.      The Defendant is, upon information and belief, a corporation organized under the laws of the State of Louisiana.  The Defendant filed a proof of claim in this case.

## PROCEDURAL BACKGROUND

9.      On May 14, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for reorganization under the Bankruptcy Code before this Court (collectively, the "Voluntary Petitions").

10.     The chapter 11 cases of the Debtors were consolidated for joint administration under the caption, *In Re: MLCJR LLC, et al*., Case No. 23-90324 (CML) by the Court (collectively, the "Jointly Administered Cases" and the "Main Case"). Docket No. 103.[2]

11.     On February 28, 2024, the Jointly Administered Cases were all converted to cases under chapter 7 of the Bankruptcy Code. Docket No. 1720.  Thereafter, the Trustee was elected the Chapter 7 Trustee of each of the Jointly Administered Cases. As of May 8, 2024, Mr. Warner became the Chapter 7 Trustee of each of the Debtors' Estates, Docket Nos. 1919 and 1996, and he remains Trustee as of the date hereof.

## FACTUAL BACKGROUND

---

[2] References hereinafter to "Docket No. __" are references to the Main Case.

12.     Prior to the Petition Date, the Debtors, including Cox Operating, as the oil and gas operator, maintained business relationships with various business entities, through which it regularly purchased, sold, received, and/or delivered goods and services.

13.     As an oil and gas operator, Cox Operating regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. Cox Operating also regularly paid for services used to facilitate their business.

14.     As of the Petition Date, the Debtors, including Cox Operating, utilized and maintained a cash management system (the "Cash Management System") for the collection, concentration, management, and disbursement of funds in the Debtors' business.[3]

15.     As of the Petition Date, the Cash Management System consisted of several corporate bank accounts at Amarillo National Bank, including the Cox Operating (a) operating account with an account number ending in x7046, and (b) ancillary operating account, with account numbers ending in x7186 and x3584 (collectively, the "Operating Accounts").  Docket No. 10.

16.     From these Operating Accounts, Cox Operating received cash revenue derived from sales of oil and gas, and non-operating working interests, and other sources, and paid cash for its operational costs, including payment to vendors, suppliers, distributors, and other creditors, including Defendant. Docket No. 10.

17.     During the ninety (90) days immediately preceding the Petition Date, that is between February 13, 2023 and the Petition Date (the "Preference Period"), the Debtors, including

---

[3] See Debtors' Debtors' *Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Continue to Use their Existing Cash Management System, including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (II) Continue their Existing Deposit Practices, and (III) Continue Intercompany Transactions, (B) Granting Administrative Expense Status to Postpetition Intercompany Claims, and (C) Granting Related Relief.* Docket No. 10.

Cox Operating, continued to operate their business affairs, albeit in preparation for the filing of the Voluntary Petitions, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise, to certain entities, including the Defendant.

18. Upon information and belief, during the course of their relationship, the Defendant and Cox Operating entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements") concerning and relating to the goods and/or services provided by Defendant to Cox Operating.

19. The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as **Exhibit A**. Such details include "Invoice Number," "Invoice Date," and "Amount Paid by Invoice."

20. During the Preference Period, Cox Operating made payments or transfers (each a "Transfer," collectively the "Transfers")[4] to the Defendant in the aggregate amount of at least $857,108.75. The details of each of the Transfers are set forth on **Exhibit A** attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Payment Clear Date," and "Vendor Name."

21. Prior to filing this Complaint, and as part of the due diligence requirements under the statutes applicable to this Adversary Proceeding, the Trustee undertook a review of the information and data underlying this Adversary Proceeding. As part of such review, the Trustee reviewed the disbursement and accounts payable ledgers, the existence of antecedent debt and payment date data, and certain other miscellaneous items and information that may have made the

---

[4] The Trustee asserts that the Transfers were made by Cox Operating; and as provided in paragraph 24, the Trustee reserves the right to assert claims for additional Transfers made by any of the Debtors to the Defendants.

pursuit of avoidable transfers  unviable.

22.

23.     The Trustee also performed an additional diligence evaluation of the reasonably known defenses under section 547(c) of the Bankruptcy Code through a review of the Debtors' internal payment and accounts payable ledgers.  The defenses under Section 547(c) of the Bankruptcy Code are affirmative defenses for which the Defendant bears the burden of proof under section 547(g) of the Bankruptcy Code.

24.     During the course of this Adversary Proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made by any of the Debtors to the Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code.[5] It is the Trustee's intention to avoid and recover all avoidable transfers of property made by the Debtors, as well as interests of the Debtors in property, to or for the benefit of the Defendant or any other transferee. The Trustee reserves the right to amend this Complaint to include, *inter alia*, the following: (a) further information regarding the Transfer(s); (b) additional transfers; (c) modifications of and/or revision to Defendant's name; (d) additional defendants; (e) additional Debtor Estates; and/or (f) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to the Trustee at any time during this Adversary Proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of filing of this Complaint.

**COUNT I**
**AVOIDANCE OF PREFERENTIAL TRANSFERS**
**PURSUANT TO SECTION 547 OF THE BANKRUPTCY CODE**

---

[5] While the Transfers identified in **Exhibit "A"**, address transfers by Cox Operating, the Trustee continues to review the Debtors' books and records, and may uncover other transfers, either by such review or through discovery, made by Cox Operating and/or the other Debtors to or for the benefit of the Defendant.

25. The Trustee repeats and realleges the allegations contained above as if fully set forth herein.

26. During the Preference Period, Cox Operating made the Transfers to, or for the benefit of, the Defendant in the aggregate amount of $857,108.75.

27. Each Transfer was made from the Operating Accounts, and constituted transfers of an interest in Cox Operating's property, cash that it had generated through operating various oil and gas properties or borrowed from its lenders.

28. The Defendant was a creditor of Cox Operating within the meaning of section 547(b)(1) of the Bankruptcy Code at the time of each Transfer by virtue of supplying goods and/or services for which Cox Operating was obligated to pay.[6]

29. According to the Debtors' books and records, each Transfer was made to, or for the benefit of, the Defendant because the Transfers either reduced or fully satisfied a debt or debts then owed by Cox Operating.

30. Each Transfer was therefore made for or on account of antecedent debts owed by Cox Operating.

31. Each Transfer were made while Cox Operating was insolvent. The Trustee is entitled to the presumption of insolvency for the Transfers made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

32. Cox Operating has in excess of an estimated $10 billion in putative, filed, unsecured and undersecured claims.[7]

---

[6] As noted throughout this Complaint, the Transfers were made by Cox Operating; however, the same may have been made by Cox Operating on its own behalf or on behalf of other Debtors and was property of Cox Operating and/or other Debtors. The Trustee reserves its right to address the same.

[7] The Trustee has not engaged in the claims allowance process for claims of any type, including without limitation (i) administrative expense claims or (ii) unsecured claims, and therefore reserves all of the Estates' rights relating to the

33.     On the other hand, Cox Operating has few substantial, known, assets other than Chapter 5 causes of action and other bankruptcy and state law claims against certain insiders and affiliates of the Debtors.  The face value of all such claims in the aggregate are but a fraction of the putative, filed, unsecured and undersecured claims.

34.     Therefore, Cox Operating's general unsecured creditors will receive less than full value on account of their allowed claims against Cox Operating's Estate.

35.     The Transfers were made on or within ninety (90) days prior to the Petition Date.

36.     The Transfers enabled the Defendant to receive more than it would receive if (a) Cox Operating's case was a case under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

37.     By reason of the foregoing, each Transfer should be avoided and set aside as a preferential transfer pursuant to section 547(b) of the Bankruptcy Code.

**COUNT II**
**RECOVERY OF AVOIDED TRANSFERS PURSUANT TO**
**SECTION 550 OF THE BANRUPTCY CODE**

38.     The Trustee repeats and re-alleges each and every allegation contained above as if fully set forth herein.

39.     The Trustee is entitled to avoid the Transfers pursuant to sections 547(b) of the Bankruptcy Code.

40.     The Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

41.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover

---

determination and allowance of all claims yet to be allowed through a final and unappealable Order of the Bankruptcy Court.

from the Defendant an amount to be determined at trial that is not less than the total amount of the

Transfers, interest thereon to the date of indefeasible recovery by the Trustee, and the costs of the

Adversary Proceeding.

**COUNT III**
**DISALLOWANCE OF CLAIMS PURSUANT TO SECTION 502(d) OF THE**
**BANKRUPTCY CODE**

42.     The Trustee repeats and re-alleges each and every allegation contained above as if

fully set forth herein.

43.     The Defendant is an entity from which property is recoverable under section 550

of the Bankruptcy Code and/or the Defendant is a transferee of the avoidable Transfers recoverable

under section 547 of the Bankruptcy Code.

44.     The Defendant has not paid to the Trustee the amount of the Transfers, or turned

over such property to the Trustee, for which the Defendant is liable under section 550 of the

Bankruptcy Code.

45.     Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the

Defendant and/or its assignee against Cox Operating's Estate must be disallowed until such time

as the Defendant pays to the Trustee all amounts sought herein.

**WHEREFORE,** for the foregoing reasons, the Trustee respectfully requests that this Court

enter judgment against the Defendant:

a)      avoiding all Transfers pursuant to section 547(b) of the Bankruptcy Code;

b)      pursuant to section 550(a) of the Bankruptcy Code, directing the Defendant to pay to the Trustee an amount to be determined at trial that is not less than the full amount of the Transfers, plus interest and costs of this Adversary Proceeding;

c)      disallowing any claim of the Defendant pursuant to section 502(d) of the Bankruptcy Code against Cox Operating;

d)      awarding pre-judgment interest at the maximum legal rate running from the date of the Trustee's judicial demand to return all Transfers to the date of judgment with

9

respect to this Adversary Proceeding (the "Judgment") herein, together with the costs and expenses of this Adversary Proceeding;

e)      awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full;

f)      requiring the Defendant to pay forthwith the amount of the Judgment; and

g)      granting the Trustee such other and further relief as the Court deems just and proper.

STEWART ROBBINS BROWN
& ALTAZAN, LLC

By:     */s/ Paul Douglas Stewart, Jr.*
        Paul Douglas Stewart, Jr. (La. Bar # 24661)
        *Admitted to Southern District of Texas*
        *(SDTX Federal No. 432642)*
        dstewart@stewartrobbins.com
        William S. Robbins (Tex. Bar # 24100894)
        wrobbins@stewartrobbins.com
        Brandon A. Brown (Tx. Bar # 24104237)
        bbrown@stewartrobbins.com
        Brooke W. Altazan (Tx. Bar # 24101002)
        baltazan@stewartrobbins.com
        301 Main Street, Suite 1640
        Baton Rouge, LA 70801-0016
        Telephone: (225) 231-9998
        Facsimile: (225) 709-9467

        *Counsel for Michael D. Warner,*
        *Chapter 7 Trustee*

| Check Number | Check Date | Check Amount | Vendor Name | Invoice Number | Invoice Date | Payment Clear Date | Amt Paid by Invoice |
|---|---|---|---|---|---|---|---|
| 39120 | 3/17/2023 | $513,877.89 | FAB-CON, Inc. | 110942 | 8/4/2022 | | $2,977.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 110972 | 8/16/2022 | | $11,900.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 110986 | 8/16/2022 | | $5,203.40 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111000 | 8/17/2022 | | $22,957.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111001 | 8/17/2022 | | $23,792.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111002 | 8/17/2022 | | $24,936.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111004 | 8/17/2022 | | $8,002.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111005 | 8/17/2022 | | $18,976.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111006 | 8/17/2022 | | $12,147.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111007 | 8/17/2022 | | $16,583.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111008 | 8/17/2022 | | $17,784.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111009 | 8/17/2022 | | $16,986.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111013 | 8/17/2022 | | $24,052.67 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111014 | 8/17/2022 | | $5,641.38 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111023 | 8/25/2022 | | $1,480.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111024 | 8/25/2022 | | $20,999.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111025 | 8/25/2022 | | $23,036.92 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111026 | 8/25/2022 | | $15,032.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111027 | 8/25/2022 | | $13,213.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111028 | 8/25/2022 | | $19,549.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111029 | 8/25/2022 | | $13,232.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111030 | 8/25/2022 | | $6,682.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111031 | 8/25/2022 | | $23,880.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111032 | 8/25/2022 | | $21,941.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111033 | 8/25/2022 | | $29,211.66 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111034 | 8/25/2022 | | $8,061.95 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111035 | 8/25/2022 | | $21,250.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111036 | 8/25/2022 | | $6,310.41 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111037 | 8/25/2022 | | $25,000.00 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111038 | 8/25/2022 | | $24,667.34 |
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111048 | 8/30/2022 | | $5,950.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 39120 | 3/17/2023 | | FAB-CON, Inc. | 111073 | 8/31/2022 | | $22,444.16 |
| 38759 | 2/17/2023 | $343,230.86 | FAB-CON, Inc. | 110925 | 8/4/2022 | 2/22/2023 | $16,002.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110932 | 8/4/2022 | 2/22/2023 | $20,631.54 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110933 | 8/4/2022 | 2/22/2023 | $7,326.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110934 | 8/4/2022 | 2/22/2023 | $11,347.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110935 | 8/4/2022 | 2/22/2023 | $23,720.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110936 | 8/4/2022 | 2/22/2023 | $22,866.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110937 | 8/4/2022 | 2/22/2023 | $24,010.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110939 | 8/4/2022 | 2/22/2023 | $11,504.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110940 | 8/4/2022 | 2/22/2023 | $7,254.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110941 | 8/4/2022 | 2/22/2023 | $4,409.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110943 | 8/4/2022 | 2/22/2023 | $7,870.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110944 | 8/4/2022 | 2/22/2023 | $22,721.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110945 | 8/4/2022 | 2/22/2023 | $24,593.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110946 | 8/4/2022 | 2/22/2023 | $844.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110947 | 8/4/2022 | 2/22/2023 | $9,662.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110948 | 8/4/2022 | 2/22/2023 | $17,862.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110949 | 8/4/2022 | 2/22/2023 | $22,818.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110950 | 8/4/2022 | 2/22/2023 | $4,413.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110951 | 8/4/2022 | 2/22/2023 | $740.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110952 | 8/4/2022 | 2/22/2023 | $6,517.58 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110954 | 8/4/2022 | 2/22/2023 | $15,527.82 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110956 | 8/8/2022 | 2/22/2023 | $12,196.08 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110957 | 8/8/2022 | 2/22/2023 | $6,035.42 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110958 | 8/8/2022 | 2/22/2023 | $18,339.62 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110959 | 8/8/2022 | 2/22/2023 | $6,414.29 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 110960 | 8/8/2022 | 2/22/2023 | $7,456.51 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 111003 | 8/17/2022 | 2/22/2023 | $8,486.00 |
| 38759 | 2/17/2023 | | FAB-CON, Inc. | 111010 | 8/17/2022 | 2/22/2023 | $1,665.00 |